IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Johnnie Frazier,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>Officer Isiah Pointevien[1],<br><br>　　　　　Defendant. | Civil Action No. 1:23-cv-4798-CMC<br><br>**ORDER** |

　　This matter is before the court on Plaintiff's Complaint, alleging violation of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

　　Defendant filed a motion to dismiss on October 26, 2023. ECF No. 12. The same day, the court issued a *Roseboro* order directing Plaintiff to respond to the motion and providing an explanation of dismissal procedures. ECF No. 13. On December 5, 2023, the Magistrate Judge entered an order directing Plaintiff to advise the court whether he wished to continue with this case and to file a response to the motion by December 19, 2023. ECF No. 17. Plaintiff requested an extension of time, which was granted. ECF Nos. 19, 20, 26. Defendant filed an additional motion to dismiss for failure to state a claim on April 4, 2024. ECF No. 33. An additional *Roseboro* Order was sent to Plaintiff. ECF No. 34. Plaintiff filed a response in opposition. ECF No. 36.

　　On June 18, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant's motions to dismiss be granted. ECF No. 37. The Magistrate Judge

---

[1] The Magistrate Judge directed the Clerk of Court to correct the spelling of Defendant's name.

advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No party has filed objections, and the time to do so has expired. Plaintiff's copy of the Report was returned to the court as undeliverable, ECF No. 40, and no change of address has been submitted by Plaintiff.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees the motions to dismiss should be granted. Accordingly, the court adopts the Report by reference in this Order. Defendant's motions to dismiss (ECF Nos. 12, 33) are granted, and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 10, 2024

3